COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| WC 4TH AND RIO GRANDE, LP, | § | No. 08-22-00225-CV |
| Appellant, | § | Appeal from the |
| v. | § | 345th Judicial District Court |
| LA ZONA RIO, LLC, | § | of Travis County, Texas |
| Appellee. | § | (TC# D-1-GN-22-000195) |

## SUBSTITUTE MEMORANDUM OPINION

Appellant's motion for rehearing is denied. However, we withdraw our opinion dated May 25, 2023, and issue this opinion in its place.[1] We do the same with regard to our previously issued opinion in a companion case, which is similarly styled, in Cause No. 08-22-00073-CV.

## FACTS UNDERLYING THE FIRST APPEAL

As we explained in our first opinion in Cause No. 08-22-00073-CV, a Harris County district court entered an order appointing attorney Seth Kretzer as a receiver to collect on a judgment owed by World Class Capital Group (WCCG) and Great Value Storage to Princeton Capital Corporation (the Receivership Order). Among other things, the Receivership Order (1)

---

[1] Two of the original panel members are divided on granting the motion for rehearing, and the third member is no longer able to participate in the case. Pursuant to TEX. R. APP. P. 49.3, Chief Justice Alley appointed himself as the third member of the panel and voted to deny the motion for rehearing and join the substituted panel opinion.

directed WCCG to turn over any "interests" it had in any partnership or limited liability company; (2) gave Kretzer the authority to sell, manage, and operate any limited liability company in which WCCG is a "member"; and (3) authorized Kretzer to take possession of the judgment debtor's assets, including "causes of action."

In his capacity as the receiver, Kretzer entered an appearance in a lawsuit pending in a Travis County district court in which WC 4th and Rio Grande, LP (Rio Grande, LP) had sued Appellee La Zona Rio, LLC (La Zona Rio) in an attempt to stop La Zona Rio from foreclosing on a building Rio Grande, LP owned (the La Zona Rio Lawsuit). In his notice, Kretzer stated that he was replacing the attorney for Rio Grande, LP, which he asserted was a "subsidiary" of WCCG; however, he filed no evidence in support thereof.

Rio Grande, LP then filed a motion challenging Kretzer's authority to act on its behalf in the La Zona Rio Lawsuit, arguing it was neither a subsidiary of WCCG nor an entity owned or managed by WCCG, but instead a separate legal entity. The trial court did not rule on the motion. Instead, the trial court impliedly found that Kretzer had the authority to act on Rio Grande, LP's behalf and granted a joint motion to dismiss the lawsuit based on the representations made by Kretzer and La Zona Rio's attorney that the parties had resolved their claims against each other. Rio Grande, LP thereafter filed a motion seeking reconsideration of the dismissal order, again challenging Kretzer's authority to act on its behalf and contending it was a separate legal entity from WCCG and therefore could not be held liable for WCCG's debts. In support thereof, it provided documentation from its tax records indicating that Rio Grande, LP consisted of a general partner (WC 4th and Rio Grande GP, LLC) with a 25% interest in the partnership and three limited partners, two of which had a significant interest in the partnership: Sangreal Investments, II, LLC and Flash Property Management, LLC, which were each listed as having a 33.75% interest in the

2

partnership. After the motion was overruled by operation of law, Rio Grande, LP appealed from the order dismissing its lawsuit, which was docketed in this Court as No. 08-22-00073-CV.[2]

**FACTS UNDERLYING THE SECOND APPEAL**

Shortly thereafter, acting pursuant to the settlement agreement he had negotiated in the La Zona Rio Lawsuit, Kretzer signed a warranty deed transferring the building to La Zona Rio, listing the "Grantor" as follows:

> WC4th [Rio Grande, LP] a Texas Limited Partnership,
> - By WC4th and Rio Grande GP, LLC, its General Partner
> - By World Class Real Estate, its Manager
> - By WCCG, its Manager
> - By Seth Kretzer, "as the Court-Appointed Receiver for the property of World Class Capital Group, LLC, pursuant to the court order entered in Cause No. 2019-18855 of the 165th District Court of Harris County Texas"

The deed stated that the transfer was "in lieu of foreclosure" and in consideration of $10.[3]

**A. Rio Grande LP's files its second lawsuit against La Zona Rio**

Rio Grande, LP, through its retained counsel, Burford Perry, filed a second lawsuit against La Zona Rio in Travis County—which is the subject of the present appeal—bringing claims of quiet title and trespass to try title, and further seeking a declaration that it was the true owner of the property. In its petition, which was assigned to a different Travis County judge, Rio Grande, LP again challenged Kretzer's authority to act on its behalf in the La Zona Rio Lawsuit, to enter into

---

[2] Both that case and this one were transferred from our sister court in Austin, and we decide the cases in accordance with the precedent of our sister court to the extent required by TEX. R. APP. P. 41.3.

[3] The turnover statute under which the Receivership Order was issued only provides a receiver the "authority to take possession of the [judgment debtor's] nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE ANN. § 31.002. Kretzer does not address his receivership authority in the context of this lawsuit—a lawsuit Rio Grande, LP filed against La Zona Rio to assert its rights to a building in the hands of La Zona Rio per Kretzer's negotiated settlement agreement with La Zona Rio.

the settlement agreement with La Zona Rio, and to sign the deed on its behalf pursuant to that agreement.

**B. Kretzer files a nonsuit seeking dismissal of the second lawsuit**

Kretzer thereafter filed a notice of nonsuit, purporting to act in his capacity as the "court appointed Receiver for *World Class Capital Group, LLC*, Manager of *WC 4th and Rio Grande, LP*, Plaintiff," asserting that the "Clerk should close the case" and that "[a]ll costs should be taxed to Plaintiff."[4] In response, Rio Grande, LP, through its retained attorney, filed a withdrawal of notice of nonsuit, contending that Kretzer was not authorized to act on its behalf in the lawsuit, and that the notice was filed without Rio Grande, LP's permission.

**C. Rio Grande, LP files its motion to show authority**

Rio Grande, LP also filed a motion to show authority pursuant to Rule 12 of the Texas Rules of Civil Procedure, similarly challenging Kretzer's authority to act on Rio Grande, LP's behalf in the La Zona Rio Lawsuit as well as his authority to act on its behalf in the current lawsuit. In particular, Rio Grande, LP alleged that Kretzer had no authority to nonsuit its case against La Zona Rio. Kretzer opposed the motion and portrayed Rio Grande, LP and its general partner, WC4th and Rio Grande, GP, LLC, as being solely owned and controlled by Natin Paul, who in turn was the sole member of WCCG, the judgment debtor in the Princeton lawsuit. In fact, Kretzer asserted that both the current lawsuit and the motion to show authority had been filed by Natin Paul, and it was another attempt by Paul to "delay secured creditors, obfuscate his corporate transactions, and collaterally attack final judgments and equity orders of federal and state courts across Texas."

---

[4] We note that Kretzer was not appointed as a receiver for "*World Class Capital Group, LLC*, Manager of *WC 4th and Rio Grande, LP*, Plaintiff"; he was appointed as a turnover receiver to collect on the Princeton judgment against WCCG.

Kretzer attached various "company agreements" to his opposition, which set forth the relationships between WCCG, Rio Grande, LP and various other World Class entities, as follows:

1. Natin Paul is the president, sole member, and manager of World Class Capital Group, LLC.

2. World Class Capital Group, LLC is the sole member and manager of World Class Real Estate, LLC.

3. World Class Real Estate, LLC is the sole member of WC 4th and Rio Grande GP, LLC.

4. WC 4th and Rio Grande, LP was created as a partnership between WC 4th and Rio Grande GP, LLC, as the general partner and three other limited partners.

According to Kretzer, these agreements demonstrated that there was a sufficient relationship between Natin Paul; WCCG; Rio Grande, LP; and its general partner, WC4th and Rio Grande, GP, LLC to allow Kretzer to seize control of the La Zona Rio Lawsuit pursuant to his Receivership Order authority.

In his opposition, Kretzer also argued that Rio Grande, LP's motion should be denied because it was not sworn as required by Rule 12 and because Rio Grande, LP's challenge to his authority was an impermissible collateral attack on the order. In response, Rio Grande, LP filed an amended motion to show authority, which included a verification sworn by Rio Grande, LP's attorney, Matt Parks, attesting to the facts set forth in the motion. In response, Kretzer argued that Park's verification was not sufficient to satisfy the requirements of Rule 12, as the party itself was required to sign the verification and Parks had not shown he had knowledge of the matters asserted therein. Kretzer further argued that by signing the verification, Rio Grande, LP's attorney had made himself a witness in the case and was thereby disqualified from continuing to serve as the partnership's attorney. Kretzer also filed a separate objection to the verification, raising these same

5

issues and contending the trial court should either strike the verification or disqualify Parks from continuing to serve as Rio Grande, LP's attorney.

The trial court held a hearing on Rio Grande, LP's motion to show authority and signed an order striking the verification and denying the motion the same day.[5]

### D. The trial court dismisses Rio Grande, LP's lawsuit pursuant to Kretzer's nonsuit

Shortly thereafter, Kretzer filed a "motion for entry of order of dismissal," again purporting to act on Rio Grande, LP's behalf, arguing the nonsuit he had filed was effective immediately upon its filing, but the trial court had failed to file a formal order dismissing Rio Grande, LP's suit. In response, Rio Grande, LP filed a motion to reconsider the denial of its motion to show authority; to withdraw Kretzer's nonsuit of the case; and to reinstate the case on the court's docket, yet again challenging Kretzer's authority to act on its behalf in either the La Zona Rio Lawsuit or in the present litigation. The trial court held a hearing on both motions. After hearing arguments from the parties, the trial court denied Rio Grande, LP's motion.

By separate order the same day, the trial court granted Kretzer's motion for entry of order of dismissal and ordered the case dismissed with prejudice. Rio Grande, LP thereafter filed its notice of appeal from the order of dismissal, which was docketed in this court as Cause No. 08-22-00225-CV.

### REMAND OF THE FIRST APPEAL

In the first appeal in Cause No. 22-08-00073-CV, the issue before us was whether the record supported the trial court's implied finding that Kretzer had the authority to seize control of Rio Grande, LP's first cause of action and enter into the settlement agreement transferring the

---

[5] As La Zona Rio points out, Rio Grande, LP does not appeal from this order, and instead appeals from the order dismissing its lawsuit. We therefore do not address the propriety of the trial court's decision to deny that motion.

partnership's property to La Zona Rio as part of his collection efforts to satisfy WCCG's debt. In our opinion, we concluded that because Rio Grande, LP and its general partner were not parties to the Princeton lawsuit, Rio Grande, LP had the right, as a stranger to that judgment, to challenge Kretzer's enforcement of the Receivership Order against it in the La Zona Rio Lawsuit, and it was not a collateral attack on the order. But we concluded that the trial court had not properly considered Rio Grande, LP's challenge to Kretzer's authority, and questions remained regarding whether he had any such authority under the Receivership Order. We therefore remanded the matter to the trial court to give it the opportunity to consider the issue.

As we explained in that opinion, while the record reflected that WCCG; Rio Grande, LP; and WC4th and Rio Grande, GP, LLC were related or affiliated entities, the only evidence in the record demonstrated that the three companies were separate and distinct legal entities, entitling them to the protections afforded under the Texas Business Organizations Code. We further found that the record did not support a finding that WCCG was a member of Rio Grande, LP's general partner—WC4th and Rio Grande, GP, LLC—which would have allowed Kretzer to take over management of the LLC to reach the partnership's assets.

Finally, we concluded that there was no evidence in the record from which the trial court could have impliedly found that WCCG treated Rio Grande, LP or its general partner as alter egos, such that it would have been proper to allow Kretzer to seize assets belonging to either the partnership or the general partner to satisfy WCCG's debt. We therefore remanded the matter to the trial court for further proceedings consistent with our opinion.

### REMAND IN THE PRESENT CASE

Here, Rio Grande, LP continues to assert Kretzer lacked the authority to act on its behalf in the La Zona Rio Lawsuit. But important to this appeal, Rio Grande, LP also challenges Kretzer's

7

authority to act on its behalf in the current lawsuit, and in particular, to file a nonsuit of its case in his capacity as the Princeton receiver. Although they are related concepts, our focus here is on the latter challenge to Kretzer's authority to file the nonsuit in the present litigation, as the filing of the nonsuit led to the trial court's dismissal order, which in turn is the subject of Rio Grande, LP's appeal.

As set forth above, the Receivership Order gave Kretzer the authority to seize control of assets, including causes of action, belonging to judgment debtor WCCG. But as we explained in our first opinion, to the extent Rio Grande, LP is considered a separate legal entity entitled to the Texas Business Organizations Code protections, the Receivership Order did not give Kretzer the authority to seize its partnership property or its causes of action. And in the present case, while Kretzer has provided more evidence to establish that WCCG and Rio Grande, LP are related—and that they may even have a parent-subsidiary relationship—he has still not provided any evidence that would have allowed the trial court to conclude that WCCG treated Rio Grande, LP or its general partner (Rio Grande, GP, LLC) as alter egos. Similarly, there is no evidence in the record before us that would have otherwise allowed the trial court to disregard the separate business structure of each entity and treat them as one and the same as WCCG.

In addition, although Kretzer relied heavily on the provision in the Receivership Order giving him the authority to take over the management and operation of any LLC in which WCCG is a member, he has still not produced evidence to establish that WCCG was in fact a member of Rio Grande, GP, LLC such that he would have been entitled to control Rio Grande, LP's lawsuits by taking over management of the LLC. Instead, the evidence that Kretzer himself produced demonstrates that the only member in Rio Grande, GP, LLC is World Class Real Estate, LLC, which is two steps removed from WCCG in his organizational chart. And again, Kretzer produced

8

no evidence to support a finding that we should disregard the separate business structures of the various entities to allow Kretzer to treat them as one and the same for purposes of his collection efforts.

Accordingly, on this record, we do not find support for the trial court's implied finding that Kretzer had the authority to nonsuit Rio Grande, LP's lawsuit against La Zona Rio or the trial court's order of dismissal issued pursuant to the filing of the nonsuit. We therefore reverse the trial court's decision to dismiss Rio Grande, LP's lawsuit and remand the matter to the trial court to reconsider its decision, taking into consideration the factors set forth herein and in our opinion in Cause No. 22-08-00073-CV.[6]

## CONCLUSION

We reverse the trial court's order dismissing Rio Grande LP's lawsuit and remand to the trial court for further proceedings in accordance with our opinion.


LISA J. SOTO, Justice

March 15, 2024

Before Alley, C.J., Palafox and Soto, JJ.
Palafox, J. would grant the Motion for Rehearing

---

[6] We note that Kretzer also filed a motion to dismiss this appeal, claiming he alone had the authority to file the appeal on Rio Grande, LP's behalf, given his effective takeover of the partnership's management. As explained in our companion opinion, however, Kretzer's motion to dismiss puts the cart before the horse, as the very issue before us is whether Kretzer had the authority to act on Rio Grande, LP's behalf in the underlying litigation. And having found that the record does not support such a finding, we deny the motion as moot.

9